Robert H. Sloss, SBN 87757
robert.sloss@procopio.com
Mindy M. Morton, SBN 209373
mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES AND SAVITCH LLP
1020 Marsh Road, Suite 200
Menlo Park, CA 94025
Telephone: 650.645.9000
Facsimile: 619.235.0398

Donald L. Jackson, *pro hac vice*
djackson@dbjg.com
James D. Berquist, *pro hac vice*
jberquist@dbjg.com
Gregory A. Krauss, *pro hac vice*
gkrauss@dbjg.com
J. Scott Davidson, *pro hac vice*
sdavidson@dbjg.com
DAVIDSON BERQUIST JACKSON + GOWDEY
4300 Wilson Blvd., Suite 700
Arlington, VA 22203
Telephone: 703.894.6400
Facsimile: 703.894.6430

Attorneys for Defendants
AVOCENT HUNTSVILLE CORP. AND LIEBERT CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

| | |
|---|---|
| CYBER SWITCHING PATENTS, LLC d/b/a CYBER SWITCHING,<br><br>Plaintiff,<br><br>v.<br><br>AVOCENT HUNTSVILLE CORP. and LIEBERT CORPORATION<br><br>Defendant. | Case No. 4:14-cv-0268-PJH<br><br>Related Cases: 4:14-cv-02681, 4:14-cv-02682, 4:14-cv-02684, 4:14-cv-02689, 4:14-cv-02692, 4:14-cv-02693<br><br>**AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date: December 17, 2014<br>Time: 9:00 a.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Ctrm: 3<br><br>Complaint Filed: June 10, 2014<br>Trial Date: None Set |

**TABLE OF CONTENTS**

I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ........................... 1

II.    ARGUMENT ............................................................................................................... 2

    A.    Legal Standards ................................................................................................ 2

    B.    Cyber Switching Fails to Sufficiently Allege Knowledge of the Patents-in-Suit to State a Claim for Willful Infringement .................................................................... 3

    C.    Cyber Switching Fails to State a Claim for Induced Infringement .................... 7

        1.    Cyber Switching Fails to Sufficiently Allege Pre-Filing Knowledge of the Patents-in Suit to State a Claim for Induced Infringement ...................................... 8

        2.    Cyber Switching Fails to Sufficiently Allege Specific Intent to State a Claim for Induced Infringement ............................................................................................. 9

    D.    Cyber Switching Fails to Sufficiently Allege Pre-Filing Knowledge of the Patents-in Suit to State a Claim for Contributory Infringement ................................ 10

III.    CONCLUSION ........................................................................................................... 10

i

AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM      CASE NO. 4:14-CV-0268-PJH

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307 (Fed. Cir. 2007) .............................. 8, 9

*al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009) ........................................................................ 3

*Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. N.Y. 2010) ...................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................... 2, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 .......................... 2, 6

*Boundaries Solutions Inc. v. CoreLogic, Inc.*,
   2014 U.S. Dist. LEXIS 139067 (N.D. Cal. Sept. 29, 2014) ................................................. passim

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) ....................................................... 4, 8

*Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011) ................................................ 10

*Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*,
   408 F. 3d 1374 (Fed. Cir. 2005) ................................................................................................. 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................ 6, 8, 10

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. Cal. 2008) ..................................................... 3

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) ............................................................... 3

*Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340 (Fed. Cir. 2008) ..................................................... 8

*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 189 L. Ed. 2d 52 (2014) .............. 8

*Logic Devices, Inc. v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 3157 (N.D. Cal. Jan. 7, 2014) ......... 2, 3, 6

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354 (Fed. Cir. 2012) ........................... 8, 9

*Nalco Co. v. Turner Designs, Inc.*, 2014 U.S. Dist. LEXIS 148067 (N.D. Cal. Oct. 17, 2014) ........ 8

*Pagemelding, Inc. v. ESPN, Inc.*, 2012 U.S. Dist LEXIS 60139 (N.D. Cal. Apr. 30, 2012) .......... 2, 6

*Radware, Ltd. v. A10 Networks, Inc.*, 2013 U.S. Dist. LEXIS 136942 (N.D. Cal. Sept. 24, 2013) ... 5

*Robert Bosch Healthcare Sys. v. Express MD Solutions, LLC*,
   2012 U.S. Dist. LEXIS 98641 (N.D. Cal. July 10, 2012) ............................................................ 3

**Statutes**
35 U.S.C. § 271(b) .......................................................................................................................... 8

**Rules**
Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

ii

AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM          CASE NO. 4:14-CV-0268-PJH

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON December 17, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard by this Court, located at Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, CA 94612, Defendants Avocent Huntsville Corp. ("Avocent") and Liebert Corporation ("Liebert") (collectively, "Defendants") move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Cyber Switching Patents, LLC's ("Cyber Switching") Second Amended Complaint for Patent Infringement (Doc. No. 49) for failure to state a claim upon which relief may be granted on the issues of willful infringement and pre-filing indirect infringement (induced and contributory infringement).

This Motion requests that the Court dismiss from the case Cyber Switching's allegations of willful infringement, pre-filing induced infringement, and pre-filing contributory infringement, as well as any claims for relief based on those allegations.

This Motion is based on the this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below and such other matters as may be presented at the hearing on Defendants' motion and allowed by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Avocent and Liebert previously moved to dismiss Cyber Switching's claims of willful infringement and pre-filing indirect infringement. Doc. Nos. 30 and 36. Among other things, Avocent and Liebert pointed out that the First Amended Complaint (Doc. No. 29) did not sufficiently allege that Avocent and Liebert had actual knowledge of U.S. Patents 7,550,870 ("the '870 Patent") and 7,672,104 ("the '104 Patent)(collectively "the Patents-in-Suit") as required to allege willfulness and indirect infringement, or had specific intent to induce infringement. Doc. 30 at 2, 6-8, 10; Doc. 36 at 1. The Court granted Avocent and Liebert's motion to dismiss and granted Cyber Switching leave to file a second amended complaint. Doc. 46. Cyber Switching's subsequently filed Second Amended Complaint ("SAC"), however, remains deficient in its allegations against Avocent and Liebert for willful infringement and pre-filing indirect

1

AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM     CASE NO. 4:14-CV-0268-PJH

infringement, especially on the critical overarching allegations of Avocent and Liebert's pre-filing knowledge of the Patents-in-Suit. The SAC cobbles together irrelevant facts, conclusory allegations, speculative presumptions, and unreasonable inferences in an attempt to allege that Avocent and Liebert had actual knowledge of the Patents-in-Suit and had specific intent to induce infringement. In so doing, Cyber Switching does not aver sufficient factual allegations to allow the Court to draw a reasonable inference that Avocent and Liebert are liable for willful infringement or indirect infringement, and thus still fails to meet the threshold pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Defendants Avocent and Liebert respectfully request that the Court dismiss Cyber Switching's willful infringement and pre-filing indirect infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) and the Supreme Court's decisions in *Twombly* and *Iqbal*.

## II. ARGUMENT

### A. Legal Standards

As this Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id. at 1949-50*. A "formulaic recitation of a cause of action's elements" is not enough. *Twombly, 550 U.S. at 555*.

*Pagemelding, Inc. v. ESPN, Inc.*, 2012 U.S. Dist LEXIS 60139, *4, (N.D. Cal. Apr. 30, 2012); *see also Logic Devices, Inc. v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 3157, *2, (N.D. Cal. Jan. 7, 2014). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly, 550 U.S. at 555*. "Fed. R. Civ. P. 12(b)(6) requires that a district court considering a motion to dismiss accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Boundaries Solutions Inc. v. CoreLogic, Inc.*, 2014 U.S. Dist.

LEXIS 139067, *8, (N.D. Cal. Sept. 29, 2014) (citing *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009)).  "However, a district court is not required to accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id*. (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. Cal. 2008)).

> **B.  Cyber Switching Fails to Sufficiently Allege Knowledge of the Patents-in-Suit to State a Claim for Willful Infringement**

Cyber Switching attempts to state a claim for willful infringement, SAC at ¶¶ 34 and 39 and prays for relief for infringement, including willful infringement of the Patents-in-Suit.  SAC at 8.

To establish willful infringement:

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent . . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Logic Devices,* 2014 U.S. Dist. LEXIS 3157 at *6-7 (citing *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007)).  As noted in *Logic Devices*, the plaintiff "does not have to *prove* willfulness at the pleading stage," but the complaint should not be "devoid of any allegation that [the defendant] knew or should have known of an objectively high risk that its actions would result in infringement of a valid patent." *Logic Devices,* 2014 U.S. Dist. LEXIS 3157 at *7.

The requirements for pleading willful infringement in this Court are clear:

> Within the Northern District, to sufficiently plead a claim for willful infringement, a patentee "must make out the barest factual assertion of knowledge of an issued patent."  However, a "bare recitation of the required legal elements for willful infringement" is insufficient. Similarly, a mere "allegation of 'actual knowledge,' without more, "is not enough to state a claim for willful infringement."

*Robert Bosch Healthcare Sys. v. Express MD Solutions, LLC,* 2012 U.S. Dist. LEXIS 98641, *7-8 (N.D. Cal. July 10, 2012) (internal citations omitted).

Thus, alleging facts sufficient to infer that the accused willful infringer had actual knowledge of the Patents-in-Suit is an absolute necessity.  Willful infringement of an unknown

3

patent is impossible. Paragraphs 19 - 22 and 24 of the SAC purport to establish that actual knowledge, but fall short.

Paragraph 19 of the SAC points to meetings "beginning in as early as 2003 and up to 2007" between named inventor Charles H. Reynolds and "Avocent representatives" in which the parties purportedly "discussed potential business arrangements, such as joint ventures, partnerships and acquisition of Cyber Switching" and purportedly "also discussed Cyber Switching's intellectual property assets, *including the inventions claimed in the Patents-in-Suit and the status of the related patent applications*." From this, Cyber Switching avers "[a]s a result, Avocent had actual knowledge of the Patents-in-Suit *as early as 2003*." SAC at ¶ 19 (emphasis added). These alleged facts are irrelevant and cannot establish Avocent's actual knowledge of the Patents-in-Suit because, as is readily apparent from the faces of the patents, the '870 Patent did not issue until 2009 and the '104 Patent did not issue until 2010. SAC, Exhibits A and B. Obviously meetings purported to take place from 2003 to 2007 could never provide Avocent with actual knowledge of patents issuing in 2009 and 2010. At best the Court can infer that Avocent had knowledge of the patent *applications*, but "knowledge of a patent application does not equal knowledge of issued patents." *Boundaries Solutions Inc.*, 2014 U.S. Dist. LEXIS 139067 at *9 (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)). Paragraph 19 of the SAC therefore does not allege sufficient facts to support a reasonable inference that Avocent or Liebert had knowledge of the Patents-in-Suit.

Paragraph 20 of the SAC alleges that "[i]n connection with those discussions beginning in 2003, Avocent was provided with product samples that were marked patent pending. These markings provided Avocent, and the entire world, with further notice of Cyber Switching's patent rights." As above, the most the Court can reasonably infer from this averment is that Avocent had knowledge of *pending applications*. But, as noted above, that is not the same as actual knowledge of issued patents. Paragraph 20 further alleges that "[a]s each patent issued, Cyber Switching updated its patent markings to show the number of each issued patent. These markings provided Avocent, and the entire world, with further notice of Cyber Switching's patent rights." This allegation is insufficient to aver actual knowledge of the Patents-in-Suit for two reasons. First,

4

constructive notice via patent marking is insufficient to show the requisite knowledge of patents for purposes of willful infringement. *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F. 3d 1374, 1377 (Fed. Cir. 2005) (actual notice of patent, for purposes of claim of willful infringement, is not established by "constructive notice, as by marking a product with a patent number").[1]  Second, the allegation is tied to "those discussions beginning in 2003," which paragraph 20 of the SAC describes as "beginning in as early as 2003 *and up to 2007*." SAC at ¶ 20 (emphasis added). Cyber Switching could not have provided Avocent with "product samples" having "updated … patent markings to show the number of each issued patent" for the Patents-in-Suit, because the Patents-in-Suit issued two and three years *after these purported discussions ended* in 2007. It is unreasonable to infer that Avocent was provided with product samples marked with the patent numbers of the Patents-in-Suit. Paragraph 20 of the SAC therefore does not allege sufficient facts to support a reasonable inference that Avocent or Liebert had knowledge of the Patents-in-Suit.

Paragraph 21 of the SAC alleges that "[i]n 2009, Avocent owned a patent application that was in prosecution … . In January 2009, this Avocent patent application was rejected by the patent examiner as anticipated by Cyber Switching's *published application* which matured into the '870 Patent." SAC at ¶ 21 (emphasis added). Through rhetorical sleight of hand, Cyber Switching conflates "the '870 Patent" with the reference actually cited by the patent examiner, *Cyber Switching's published application*. Specifically, in paragraph 21 of the SAC Cyber Switching asserts that "Avocent submitted to the USPTO a detailed argument which distinguished its own patent application *from the '870 Patent*. This argument required a detailed analysis *of the '870 Patent*. Accordingly, Avocent made a detailed analysis *of at least the '870 Patent… .*" *Id.* (emphasis added). But the published application, and *not* the '870 Patent, was the cited reference.

---

[1] Similarly, constructive notice via patent marking is insufficient to show the requisite knowledge of patents for purposes of indirect infringement. "Unlike the notice requirement for damages, which may be satisfied through constructive knowledge of the patent through marking, the knowledge requirement for indirect infringement liability requires both knowledge of the patent and knowledge of infringement." *Radware, Ltd. v. A10 Networks, Inc.*, 2013 U.S. Dist. LEXIS 136942, *7-8 (N.D. Cal. Sept. 24, 2013) (citations omitted). Thus, paragraph 20 is also deficient for indirect infringement purposes because it "fails to plead actual notice of the patents-in-suit and infringement thereof." *Id.* at *8.

It is thus unreasonable to infer that Avocent analyzed the '870 Patent rather than the cited application. As noted above, knowledge of a patent application is not knowledge of an issued patent. *Boundaries Solutions Inc.*, 2014 U.S. Dist. LEXIS 139067 at *9.

In paragraph 22 of the SAC, Cyber Switching alleges that "[a] reasonable manufacturer in Avocent's position would also study related patents and patent applications owned by the same manufacturer *that owned the '870 Patent over which Avocent's application had been rejected*. Therefore, upon information and belief, Avocent studied all of Cyber Switching's patents and patent applications in late 2009." SAC at ¶ 22 (emphasis added). But, as noted above, Avocent's application was *not* rejected over the '870 Patent. Cyber Switching uses the same conflation trick and trumped up knowledge from paragraph 21 in an attempt to expand Avocent's purported "knowledge" to all of Cyber Switching's patents (including, presumably, the '104 Patent) and patent applications. It is not reasonable to infer that because Avocent's patent attorney distinguished a single published Cyber Switching patent application in response to an examiner's rejection that "Avocent studied all of Cyber Switching's patents and patent applications in late 2009." Moreover, although the *Twombly/Iqbal* plausibility standards generally "[do] not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. N.Y. 2010) (citations and internal quotations omitted), the whole point of *In re Bill of Lading* and its progeny is that for allegations of willfulness and indirect infringement more is required than formulaic and conclusory allegations of knowledge such as allegations "upon information and belief." *In re Bill of Lading*, 681 F.3d at 1331-1332 (complaint merely pleading facts consistent with a defendant's liability stops short of the line between possibility and plausibility); *Pagemelding, Inc.* 2012 U.S. Dist LEXIS 60139 at *4 (court not bound to accept as true a legal conclusion couched as a factual allegation; formulaic recitation of a cause of action's elements is not enough); *see also Logic Devices, Inc.* 2014 U.S. Dist. LEXIS 3157 at *2. The allegation in paragraph 22 that "a reasonable manufacturer in Avocent's position would … study [certain] patents and patent applications" is wholly unsupported and constitutes nothing more than

unreasonable conjecture on the part of Cyber Switching. The allegation that "upon information and belief, Avocent studied all of Cyber Switching's patents and patent applications in late 2009" is formulaic and conclusory and is no better than a threadbare, and legally inadequate, conclusory allegation saying "upon information and belief Avocent had actual knowledge of the patents" would be. Paragraph 22 of the SAC does not allege sufficient facts to support a reasonable inference that Avocent or Liebert had knowledge of the Patents-in-Suit.

In paragraph 24 of the SAC, Cyber Switching attempts to impute to Liebert the "knowledge" of the Patents-in-Suit that Avocent purportedly has by virtue of the allegations in paragraphs 19 – 22 of the SAC. As demonstrated above, those allegations do not sufficiently allege knowledge of the Patents-in-Suit on the part of Avocent, let alone knowledge that can be imputed to Liebert. Additionally, paragraph 24 is replete with speculation and threadbare allegations in its own right. The assertion that "[a] corporate family naturally shares information that would benefit the parent and/or its acquired entities" is irrelevant and rank speculation as applied to Avocent and Liebert. The allegations that "Avocent, upon information and belief, has shared information about the Patents-in-suit with Liebert" and that "[a]s a result, Liebert had actual knowledge of the Patents-in-Suit as early as 2010" are also speculative and are no better than a threadbare conclusory allegation saying "upon information and belief Liebert had actual knowledge of the patents" would be. Paragraph 24 of the SAC therefore does not allege sufficient facts to support a reasonable inference that Avocent or Liebert had knowledge of the Patents-in-Suit.

Here, Cyber Switching relies upon paragraphs 19-22 and 24 of the SAC, discussed above, as the sole basis to infer that Avocent and Liebert had actual knowledge of the Patents-in-Suit. For the reasons stated above, the SAC does not sufficiently allege that Avocent and Liebert had actual knowledge of the Patents-in-Suit sufficient to state a claim for willful infringement.

**C.     Cyber Switching Fails to State a Claim for Induced Infringement**

Cyber Switching attempts to state a claim for indirect infringement including induced infringement. SAC at ¶¶ 33 and 38.

///

7

> In order to find liability under a theory of inducement, the patentee must establish: (1) evidence of direct infringement, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117, 189 L. Ed. 2d 52 (2014) ("[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)."), and (2) that "the defendant, *with knowledge of the patent*, actively and knowingly aided and abetted such direct infringement." *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc)). To prove the second part, the patentee must show the alleged infringer "possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

*Nalco Co. v. Turner Designs, Inc.*, 2014 U.S. Dist. LEXIS 148067, *7 (N.D. Cal. Oct. 17, 2014) (emphasis added).

"Liability [for induced infringement] under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Boundaries Solutions Inc.* 2014 U.S. Dist. LEXIS 139067 at *8 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). "In addition, 'the specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement.'" *Id.* (citing *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008)).

Here, Cyber Switching's allegations fail to sufficiently allege actual knowledge of the Patents-in-Suit and a specific intent to cause direct infringement to support a claim for pre-filing induced infringement.

### 1. Cyber Switching Fails to Sufficiently Allege Pre-Filing Knowledge of the Patents-in Suit to State a Claim for Induced Infringement

In order to have knowledge that *the allegedly induced acts* constitute patent infringement, Avocent and Liebert must first have *actual knowledge of the Patents-in-Suit*. As with willful infringement, Cyber Switching relies upon paragraphs 19-22 and 24 of the SAC to allege that Avocent and Liebert had actual knowledge of the Patents-in-Suit. Because, as noted above, the SAC does not sufficiently allege that Avocent and Liebert had actual pre-filing knowledge of the Patents-in-Suit, the SAC fails to state a claim for pre-filing induced infringement.

///

8

### 2. Cyber Switching Fails to Sufficiently Allege Specific Intent to State a Claim for Induced Infringement

Cyber Switching's allegations of specific intent are set forth in paragraphs 29 and 30 of the SAC. These allegations are similarly insufficient to state a claim for induced infringement.

Paragraph 29 of the SAC alleges "[b]ased on publicly available material, *Defendants acted and continue to act with the specific intent to induce infringing use* of their iPDUs *by, among other things, marketing the value of their iPDUs' intelligent (and infringing) features in contrast to basic iPDUs.* As a result, Defendants' customers chose and are choosing Defendants' iPDUs over basic PDUs for those intelligent (and infringing) features. Defendants' customers therefore have used and are currently using Defendants' iPDUs in an infringing manner." SAC at ¶ 29 (emphasis added). These allegations are not sufficient to allow the Court to infer that Avocent and Liebert "possessed specific intent to encourage another's infringement", *ACCO Brands, Inc.* 501 F.3d at 1312, or "with knowledge of the patent[s] … actively and knowingly aided and abetted direct infringement," *Meyer Intellectual Props. Ltd.*, 690 F.3d at 1366. Absent knowledge of the Patents-in-Suit, there can be no inducement of infringement.

Paragraph 30 of the SAC alleges "Defendants' iPDUs, as shipped to their customers, incorporate the infringing components as standard features, enabled for use. Defendants therefore knew and know that it is highly probable their actions encouraged and are encouraging infringement." Again, without knowledge of the Patents-in-Suit Avocent and Liebert could not know that their alleged actions were encouraging infringement.

The facial plausibility of the allegations that Avocent and Liebert had knowledge of the Patents-in-Suit and had specific intent to induce infringement is belied by the fact that Cyber Switching recites virtually the same story (meetings with Charles H. Reynolds / responding to a patent examiner rejection / corporate entities sharing information among them / marketing iPDUs to customers) in its First Amended Complaint against Schneider Electric IT USA, Inc. and American Power Conversion Corporation. *Compare*, *Cyber Switching Patents LLC v. Schneider Electric IT USA, Inc., et al.*, 4:14-cv-02692-PJH, Doc. No. 38, paragraphs 19 – 27 of Cyber Switching's First Amended Complaint for Patent Infringement with paragraphs 19 – 30 in the

9

SAC.

In light of the foregoing, Cyber Switching's SAC does not plead sufficient facts to allow the Court to infer that Avocent and Liebert specifically intended to cause direct infringement. As such, the allegations of inducement, as well as any claim for relief based on pre-filing induced infringement, must be dismissed.

### D. Cyber Switching Fails to Sufficiently Allege Pre-Filing Knowledge of the Patents-in Suit to State a Claim for Contributory Infringement

Cyber Switching attempts to state claims for indirect infringement including contributory infringement. SAC at ¶¶ 33 and 38.

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent." *Boundaries Solutions Inc.*, 2014 U.S. Dist. LEXIS 139067 at *11 (citing *In re Bill of Lading*, 681 F.3d at 1337). "The knowledge requirement for contributory infringement and inducement are the same." *Id*. (citing *Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).

The knowledge requirement for induced infringement and contributory infringement are the same, and Cyber Switching uses SAC paragraphs 19 - 22 and 24 to allege Avocent and Liebert's purported knowledge of the Patents-in-Suit for both purposes. For the reasons stated above relating to willful infringement and induced infringement, the SAC does not sufficiently allege that Avocent and Liebert had actual pre-filing knowledge of the Patents-in-Suit sufficient to state a claim for pre-filing contributory infringement.

## III. CONCLUSION

For the foregoing reasons, Avocent and Liebert respectfully request that the Court dismiss from the case Cyber Switching's allegations of willfulness, inducement, and contributory infringement, as well as any claims for relief based on willful infringement, pre-filing induced infringement, and pre-filing contributory infringement.

Dated: November 12, 2014        /s/ *Robert H. Sloss*
                                Robert H. Sloss
                                Mindy M. Morton
                                PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                                1020 Marsh Road, Suite 200
                                Menlo Park, CA  94025
                                Telephone: (650) 645-9024
                                Facsimile:   (650) 687-8324

                                DAVIDSON, BERQUIST, JACKSON & GOWDEY, LLP
                                Donald L. Jackson
                                James D. Berquist
                                Gregory A. Krauss
                                J. Scott Davidson
                                4300 Wilson Boulevard, Suite 700
                                Arlington, VA  22203
                                Telephone: (703) 894-6400
                                Facsimile:   (703) 894-6430

                                *Attorneys for Defendants*
                                *Avocent Huntsville Corp and Liebert Corporation*

11

AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM        CASE NO. 4:14-CV-0268-PJH