Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Jing H. Cherng (Cal. Bar No. 265017)
William H. Stewart (Cal. Bar No. 287782)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; gcherng@mount.com;
            wstewart@mount.com

Counsel for Plaintiff Cyber Switching

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Cyber Switching Patents LLC d/b/a Cyber Switching,<br><br>Plaintiff,<br><br>v.<br><br>Avocent Huntsville Corp. and Liebert Corporation,<br><br>Defendant. | Case No. 4:14-cv-02683-PJH<br><br>Related Cases: 3:14-cv-02681, 3:14-cv-02682, 3:14-cv-02684, 3:14-cv-02689, 3:14-cv-02692, 3:14-cv-02693<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:    December 17, 2014<br>Time:   9:00 am<br>Room:  Courtroom 3, 3rd Floor<br>Judge:  Phyllis J. Hamilton<br><br>Complaint Filed: June 10, 2014<br>Trial Date: None Set |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Cyber Switching Patents LLC d/b/a Cyber Switching ("Cyber Switching") submits this Opposition to Defendants Avocent Huntsville Corp.("Avocent") and Liebert Corporation's ("Liebert") (collectively, "Defendants") Renewed Motion to Dismiss for Failure to State a Claim. Doc. No. 50.  For the reasons set forth below, the Defendants' motion should be denied.

## I. INTRODUCTION

In August, Cyber Switching filed its First Amended Complaint (Doc. No. 29) in accordance with the Stipulation to Substitute Parties, Amend Complaint and Accept Service. Doc. No. 28. Defendants then brought their first motion to dismiss. Doc. No. 30.  Cyber Switching responded with its Statement of Conditional Nonopposition so long as the court granted leave to amend. Doc. No. 35. The Court granted the motion and granted Cyber Switching leave to amend. Doc. No. 46.  Cyber Switching subsequently filed its Second Amended Complaint ("SAC"). Doc. No. 49.

Defendants' Motion argues for dismissal of the SAC's willful infringement, pre-filing induced infringement and pre-filing contributory infringement claims. Mot. at 2.  Defendants' arguments all rely on the same premise - that Cyber Switching failed to sufficiently allege pre-filing knowledge of U.S. Patents 7,550,870 (the "'870 Patent") and 7,672,104 (the "'104 Patent") (collectively, the "patents-in-suit"). *Id*.  Central to that argument is the purported "rhetorical sleight of hand" that "conflated" references to the '870 Patent's published application with the '870 Patent itself. *Id.* at 5.  But what the Defendants are choosing to ignore is that, at the time Avocent was arguing against the '870 Patent's application, the '870 Patent had issued. SAC at ¶ 21.  To the extent Avocent avoided knowledge of the '870 Patent, that avoidance would support willful blindness for induced infringement.

The SAC sufficiently alleges pre-filing knowledge of the patents-in-suit.  It does not, as

asserted, make only conclusory assertions of knowledge.  The SAC lays out facts that, taken together, plausibly show whether, how and when Defendants had pre-filing knowledge of the patents-in-suit.  Defendants' renewed motion to dismiss should therefore be denied in its entirety.

## II. LEGAL STANDARD

Motions to dismiss for failure to state a claim are disfavored (*see Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)) and dismissals pursuant to Rule 12(b)(6) are proper only in "extraordinary" cases. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). When evaluating such a motion, the court must accept all the plaintiff's allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations omitted).  The "probability requirement at the pleading stage… simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the misconduct alleged. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

## III. ARGUMENT

### A. Defendants' Motion Rests Solely on Their Assertion that the SAC Insufficiently Alleges Pre-filing Knowledge of the Patents-in-suit

Defendants' seek dismissal of the willful infringement, pre-filing induced infringement and pre-filing contributory infringement claims (Mot. at 2) based on a singular assertion.  Defendants assert that Cyber Switching insufficiently alleged pre-filing knowledge of the patents-in-suit. *Id*.

Defendants conclude their argument against willful infringement with the following

statement: "the SAC does not sufficiently allege that Avocent and Liebert had actual knowledge of the Patents-in-Suit sufficient to state a claim". Mot. at 7. Defendants' attack on pre-filing induced infringement is 2-pronged. First, as above, Defendants attack the knowledge requirement. *Id.* at 8 ("the SAC does not sufficiently allege that Avocent and Liebert had actual pre-filing knowledge"). Next, Defendants attack specific intent by arguing that, "absent knowledge" and "without knowledge", there can be no inducement or encouragement of infringement.[1] *Id.* at 9. Finally, Defendants repeat their insufficient allegations of knowledge argument for contributory infringement. *Id.* at 10.

As a result, Defendants arguments rest solely on the purported deficiencies in the SAC's allegations of knowledge. As shown below, Cyber Switching has sufficiently alleged pre-filing knowledge of the patents-in-suit. Defendants' motion should therefore be denied.

**B.     Cyber Switching has Sufficiently Alleged Defendants' Pre-filing Knowledge of the Patents-in-suit**

Plaintiffs need only make out a bare assertion of knowledge of an issued patent, but mere recitation of elements is insufficient for willful infringement. *Synopsys, Inc. v. Atoptech, Inc.*, 2013 U.S. Dist. LEXIS 153089, at *55 (N.D. Cal. Oct. 24, 2013) (citations omitted); *see also Emblaze Ltd. v. Apple Inc.*, 2012 U.S. Dist. LEXIS 168201, at *21 (N.D. Cal. Nov. 27, 2012) (allegation of full knowledge is sufficient). Conclusory allegations with no facts as to whether, when or how defendants became aware of the patents-in-suit are insufficient for indirect infringement. *Bascom Reseach LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 41429, at *11 (N.D. Cal. March 12, 2013).

Cyber Switching does much more than recite the elements for willful infringement or make conclusory allegations of knowledge for indirect infringement. The SAC alleges facts as to whether, how and when both Avocent and Liebert had knowledge of the patents-in-suit. When these

---

[1] Here, Defendants also use purported and irrelevant similarities between the SAC and a complaint in a related case to disparage the plausibility of Cyber Switching's allegations.

- 3 -                    Case No. 4:14-cv-02683-PJH

PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

allegations are considered as a whole, Defendants' pre-filing knowledge of the patents-in-suit is plausible. Courts take into consideration all allegations in determining plausibility of knowledge for willful and indirect infringement. *See Radware, Ltd. v. A10 Networks, Inc.*, 2014 U.S. Dist. LEXIS 1692, 7-8 (N.D. Cal. Jan. 7, 2014) (knowledge sufficiently alleged by (1) defendant's email subject lines re plaintiff and subject technology, (2) plaintiff's public documents, and (3) defendant's product documentation containing a purported, copied figure from the asserted patent).

The SAC goes well beyond bare assertions of knowledge to allege facts that, when taken together, support a reasonable inference of Defendants' pre-filing knowledge of the patents-in-suit.

### 1. The SAC Sufficiently Alleges Avocent's Pre-Filing Knowledge of the '870 Patent

Charles H. Reynolds, the inventor of the patents-in-suit and founder of Cyber Switching, has been involved in power distribution technologies since 1994. SAC at ¶ 9. In 2003, Mr. Reynolds developed and sold the first intelligent power distribution unit ("iPDU"). *Id.* at ¶ 11. Avocent is involved in power distribution and the manufacture and sale of competing iPDUs. *Id.* at ¶ 26. Cyber Switching and Avocent have and continue to be competitors in the PDU business.

Between 2003 and 2007, Cyber Switching met with its competitor, Avocent, to discuss potential business ventures, where Mr. Reynolds discussed his inventions and their patent status. SAC at ¶ 19. The inventions underlying the '870 Patent were well developed by, and its patent application was filed on, July 22, 2003. SAC, Ex. A at 1. It is therefore reasonable to infer that Avocent was aware of the inventions taught in the '870 Patent.

In these meetings, Cyber Switching also provided sample iPDUs that embodied the teachings of the '870 Patent. SAC at ¶ 20. It is therefore reasonable to infer that Avocent had knowledge of how the '870 Patent's inventions could be implemented in iPDUs. Indeed, Avocent went on to implement those features in its own iPDUs. *Id.* at ¶ 26.

In January 2009, Avocent's patent application for U.S. Patent No. 7,689,677, U.S. 11/707,880, was rejected as anticipated by Cyber Switching's patent application for the '870 Patent, U.S. 2004/0064198. SAC at ¶ 21. In June 2009, the '870 Patent was granted. *Id.* At that time, there was no question as to whether the patent would issue or what scope the allowed claims would take. *See State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). In July 2009, Avocent distinguished its own application from the '870 Patent's application, which had – at that time – issued as a patent. SAC at ¶ 22. It is reasonable to infer that Avocent became aware of the '870 Patent when it prepared its responsive arguments to the USPTO's rejection.

In their motion, are Defendants asserting that Avocent failed to notice that the published application cited by the USPTO had also published as an issued patent? Or are Defendants asserting that, in July 2009, Avocent ignored the current status of the cited application it argued against? These questions are perfectly suited for the discovery process, or the jury's finding of fact.

The inference of Avocent's pre-filing knowledge is not "rhetorical sleight of hand" that "conflated" references to the '870 Patent's published application. Mot. at 5. The alleged facts plausibly suggest that Avocent had knowledge of the '870 Patent in 2009. That alternative inferences from those facts may also be reasonable do not render the complaint deficient. *In re Bill of Lading*, 681 F.3d at 1340 (discussing *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (U.S. 2011)).

The SAC therefore sufficiently alleges Avocent's pre-filing knowledge of the '870 Patent.

### 2. The SAC Sufficiently Alleges Avocent's Pre-Filing Knowledge of the '104 Patent

As discussed above, Cyber Switching met with Avocent between 2003 and 2007 and discussed, among other things, its inventions and their patent status. SAC at ¶ 19. The inventions underlying the '104 Patent were well developed by, and its patent application was filed on, May 19,

2006. SAC, Ex. B at 1. Cyber Switching also provided sample iPDUs that embodied the teachings of the '104 Patent (SAC at ¶ 20), which Avocent later put into its own iPDUs. *Id*. at ¶ 26. It is therefore reasonable to infer that Avocent was aware of the inventions taught in the '104 Patent.

The patents-in-suit are closely related. The '104 Patent, a current protection and apparatus method (SAC at ¶ 16), builds on the remote power management (particularly control of current flow) and current monitoring (*Id*. at ¶ 17) taught by the '870 Patent. SAC, Ex. A & B. As discussed above, Avocent became aware of the '870 Patent when it argued against its own patent application's rejection by the '870 Patent application – at the time the '870 Patent was already issued. It is reasonable to infer that a patent owner and applicant would keep abreast of patents and patent applications related to the patent over which its application had been rejected. As such, the foregoing facts plausibly suggests Avocent's pre-filing knowledge of the '104 Patent.

### 3. The SAC Sufficiently Alleges Liebert's Pre-Filing Knowledge of the Patents-in-suit

Finally, Emerson Electric Company ("Emerson") acquired Liebert in 1987 and acquired Avocent in 2009, thereby creating a corporate family. SAC ¶ 23. Emerson, Avocent and Liebert are each involved in the manufacture and sale of PDUs. *Id.* at ¶¶ 26 & 28. As a corporate family, it is reasonable to infer that these companies share beneficial information regarding, among other things, PDUs. Despite Defendants' protests (Mot. at 7), this inference is not only reasonable (if not common sense) but highly relevant. It is therefore reasonable to infer that Liebert acquired pre-filing knowledge of the patents-in-suit from Avocent. *See Commil USA, LLC v. Cisco Sys.*, 720 F.3d 1361, 1366 (Fed. Cir. 2013) ("Circumstantial evidence can, of course, support a finding of actual knowledge or willful blindness just as it did in [*Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2071-2072 (U.S. 2011)]").

Accordingly, Cyber Switching sufficiently alleges Defendants' pre-filing knowledge of the

- 6 -  Case No. 4:14-cv-02683-PJH
PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

patents-in-suit. *See Skyworks Solutions Inc. v. Kinetic Techs. Inc.,* 2014 U.S. Dist. LEXIS 46289, at *7 (N.D. Cal. Apr. 2, 2014) (knowledge sufficiently alleged when awareness of patent application was combined with other facts).

### C. Cyber Switching Pled Sufficient Facts to State a Claim Against Avocent for Willful Blindness in Inducing Infringement of the '870 Patent

Willfully blind defendants take "deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts". *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070-2071 (U.S. 2011). To state a claim for willful blindness, a plaintiff must "plead facts demonstrating the defendant (1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact". *Vasudevan Software, Inc. v. Tibco Software, Inc.,* 2012 U.S. Dist. LEXIS 69952, 16-17 (N.D. Cal. May 17, 2012) (citations omitted).

As discussed above, Avocent met with a competitor in the PDU business, Cyber Switching, to discuss potential business ventures and where the inventions underlying the '870 Patent were disclosed and embodiments of those inventions (iPDUs) were shared. SAC at ¶ 19. No business deals were consummated, but those inventive features made their way into Avocent's iPDUs. *Id.* at 26. An Avocent patent application was rejected by the USPTO for being anticipated by the '870 Patent's application. *Id.* at ¶ 21. Before Avocent responded to the rejection, the '870 Patent application was published as an issued patent. *Id.* The SAC therefore allege facts that plausibly suggest Avocent subjectively believed there was a high probability the '870 Patent existed.

Finally, it is reasonable to infer, by Avocent's failure to notice - or ignorance of - the '870 Patent's issuance in June 2009, that Avocent took deliberate actions to avoid learning of its existence.

The SAC therefore pleads sufficient facts to state a claim for willful blindness in inducing infringement of the '870 Patent.

## CONCLUSION

For the reasons set forth above, Defendants' renewed motion to dismiss for failure to state a claim should be denied.

Dated:  November 26, 2014          Mount, Spelman & Fingerman, P.C.
                                   /s/ *William H. Stewart*
                                   Counsel for Plaintiff Cyber Switching

Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000