Robert H. Sloss, SBN 87757
robert.sloss@procopio.com
Melinda M. Morton, SBN 209373
mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES AND SAVITCH LLP
1020 Marsh Road, Suite 200
Menlo Park, CA  94025
Telephone:  650.645.9000
Facsimile:  650.566.1061

Donald L. Jackson, *pro hac vice*
djackson@dbjg.com
James D. Berquist, *pro hac vice*
jberquist@dbjg.com
Gregory A. Krauss, *pro hac vice*
gkrauss@dbjg.com
J. Scott Davidson, *pro hac vice*
sdavidson@dbjg.com
DAVIDSON BERQUIST JACKSON + GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, VA 22203
Telephone:  703.894.6400
Facsimile:  703.894.6430

Attorneys for Defendants
AVOCENT HUNTSVILLE CORP. AND LIEBERT CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

| | |
|---|---|
| CYBER SWITCHING PATENTS, LLC d/b/a CYBER SWITCHING,<br><br>Plaintiff,<br><br>v.<br><br>AVOCENT HUNTSVILLE CORP. and LIEBERT CORPORATION<br><br>Defendants. | Case No. 4:14-CV-02683 PJH<br><br>Related Cases: 4:14-cv-02681, 4:14-cv-02682, 4:14-cv-02684, 4:14-cv-02689, 4:14-cv-02692, 4:14-cv-02693<br><br>**AVOCENT HUNSTSVILLE CORP. AND LIEBERT CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:  Hon. Phyllis J. Hamilton<br>Ctrm 3, 3rd Fl.<br><br>Complaint Filed: June 10, 2014<br>Trial Date:  None Set |

Avocent Huntsville Corp. ("Avocent") and Liebert Corporation ("Liebert") answer the Second Amended Complaint for Patent Infringement ("Complaint") of Cyber Switching Patents, LLC, d/b/a Cyber Switching ("Cyber Switching") and state their defenses and counterclaims as follows:

## Nature of Action

1. Avocent and Liebert admit that the Complaint purports to be an action for patent infringement of U.S. Patent Nos. 7,550,870 ("the '870 Patent") and 7,672,104 ("the '104 Patent") arising under the patent laws of the United States of America. Avocent and Liebert admit that Exhibit A to the Complaint, on its face, purports to be a copy of U.S. Patent No. 7,550,870 and purports on its face to be entitled "Method and Apparatus for Remote Power Management and Monitoring" with a purported issue date of June 23, 2009. Avocent and Liebert admit that Exhibit B to the Complaint, on its face, purports to be a copy of U.S. Patent No. 7,672,104 and purports on its face to be entitled "Current Protection Apparatus and Method." Avocent and Liebert deny that they have infringed or are infringing the '870 Patent or the '104 Patent.

## The Parties

2. Avocent and Liebert are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny them.

3. Avocent admits that it is a corporation organized and existing under the laws of the State of Alabama. Avocent admits that it does business in the State of California and within this district, including offering for sale and selling power distribution units. Avocent denies the remaining allegations in Paragraph 3.

4. Liebert admits that it is a corporation organized and existing under the laws of the State of Ohio. Liebert admits that it does business in the State of California and within this district, including offering for sale and selling power distribution units. Liebert denies the remaining allegations in Paragraph 4.

## Jurisdiction and Venue

5. Avocent and Liebert admit that this Court has subject matter jurisdiction pursuant to

1

28 U.S.C. § 1338.

6. Avocent and Liebert admit that this court has personal jurisdiction over them for the purposes of this lawsuit. Avocent and Liebert deny the remaining allegations in Paragraph 6.

7. Avocent and Liebert admit that venue in this district is proper for the purposes of this lawsuit.

## Intradistrict Assignment

8. Avocent and Liebert admit that this case is appropriate for district-wide assignment under Civil Local Rule 3-2(c). Avocent and Liebert deny the remaining allegations of Paragraph 8.

## Operative Facts

9. Avocent and Liebert admit that data centers and Internet communications grew in size and scope during the 1990's but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint and therefore deny those remaining allegations. Avocent and Liebert also deny the accuracy of the definition of "data center" in footnote 1, and do not use that definition in this Answer and Counterclaims.

10. Avocent and Liebert admit that power distribution units can provide electrical power to computing devices and that large data centers require correspondingly large amounts of electrical power but deny the remaining allegations and conclusions of Paragraph 10 of the Complaint.

11. Avocent and Liebert admit that as data centers grew in size, so did their energy costs and overhead cost of administration but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and therefore deny them.

12. Avocent and Liebert admit that certain power distribution units are capable of identifying power consumption by connected equipment, can issue alarms, and can monitor power usage, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and therefore deny them.

13. Avocent and Liebert admit that certain power distribution units have built in display for reporting operational status locally, web connectivity, email alerts, and remote functionality

1  such as monitoring and managing power within a data center but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore deny them.

14. Avocent and Liebert lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny them.

**The Patents-in-Suit**

15. Avocent and Liebert lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore deny them.

16. Avocent and Liebert deny the allegations of Paragraph 16 of the Complaint.

17. Avocent and Liebert deny the allegations of Paragraph 17 of the Complaint.

**Causes of Action**

18. Avocent and Liebert repeat their responses to the preceding paragraphs as if fully set forth herein.

19. Avocent and Liebert admit that Avocent had actual knowledge of the Patents-in-Suit on or about June 18, 2014, the date of service of the original complaint in this case. The remaining allegations of this Paragraph of the Complaint are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations, as such no responsive pleading is required as to the remaining allegations of Paragraph 19 of the Complaint.

20. Avocent and Liebert lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint as they relate to Cyber Switching's alleged patent marking and therefore deny that allegation. The remaining allegations of this Paragraph of the Complaint are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations; as such no responsive pleading is required as to the remaining allegations of Paragraph 20 of the Complaint.

21. The allegations of Paragraph 21 of the Complaint are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations; as such no responsive pleading is required as to the allegations of Paragraph 21 of the Complaint.

22. The allegations of Paragraph 22 of the Complaint are directed to Cyber Switching's

now dismissed pre-filing indirect infringement and willful infringement allegations; as such no responsive pleading is required as to the allegations of Paragraph 22 of the Complaint.

23. The allegations of Paragraph 23 of the Complaint are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations; as such no responsive pleading is required as to the allegations of Paragraph 22 of the Complaint.

24. Avocent and Liebert admit that Liebert had actual knowledge of the Patents-in-Suit on or about June 18, 2014, the date of service of the original complaint in this case. The remaining allegations of Paragraph 24 of the Complaint are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations; as such no responsive pleading is required as to the allegations of Paragraph 24 of the Complaint.

25. The allegations of Paragraph 25 are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations, and as such, no responsive pleading if required as to the allegations of Paragraph 25. Nevertheless, Avocent and Liebert deny the allegations of Paragraph 25 of the Complaint.

26. Avocent and Liebert deny that within the United States they manufacture, use, offer for sale, or sell "iPDUs as defined by the Patents-in-Suit." Avocent admits that within the United States Avocent manufactures, uses, offers for sale, or sells Avocent's Power Management PM 3000 products. Liebert admits that within the United States Liebert manufactures, uses, offers for sale, or sells Liebert's MPH2 Managed Rack power distribution unit products and MPX Adaptive Rack power distribution unit products. Avocent and Liebert deny any remaining allegations and conclusions in paragraph 26.

27. Avocent and Liebert deny the allegations of Paragraph 27 of the Complaint.

28. Avocent and Liebert admit that Emerson sells a rack power distribution unit under the DI-STRIP brand. Avocent and Liebert deny the remaining allegations of Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 are directed to Cyber Switching's now dismissed pre-filing indirect infringement and willful infringement allegations, and as such, no responsive pleading if required as to the allegations of Paragraph 29. Nevertheless, Avocent and Liebert deny

the allegations of Paragraph 29 of the Complaint.

30. Avocent and Liebert deny the allegations of Paragraph 30 of the Complaint.

### Count One – '870 Patent

31. Avocent and Liebert repeat their responses to the preceding paragraphs as if fully set forth herein.

32. Avocent and Liebert deny the allegations of Paragraph 32 of the Complaint.

33. Avocent and Liebert deny the allegations of Paragraph 33 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint are directed to Cyber Switching's now dismissed willful infringement allegations. Nevertheless, Avocent and Liebert deny the allegations of Paragraph 34 of the Complaint.

35. Avocent and Liebert deny the allegations of Paragraph 35 of the Complaint.

### Count Two – '104 Patent

36. Avocent and Liebert repeat their responses to the preceding paragraphs as if fully set forth herein.

37. Avocent and Liebert deny the allegations of Paragraph 37 of the Complaint.

38. Avocent and Liebert deny the allegations of Paragraph 38 of the Complaint.

39. The allegations of Paragraph 39 of the Complaint are directed to Cyber Switching's now dismissed willful infringement allegations. Nevertheless, Avocent and Liebert deny the allegations of Paragraph 39 of the Complaint.

40. Avocent and Liebert deny the allegations of Paragraph 40 of the Complaint.

### Prayer for Relief

Avocent and Liebert deny that Cyber Switching is entitled to judgment, the relief requested, or to any relief at all. To the extent that paragraphs (1)-(7) under Cyber Switching's Prayer for Relief are interpreted to contain any factual allegations, Avocent and Liebert deny them.

### Demand for Jury Trial

No response to Cyber Switching's Demand for Jury Trial is required.

### First Defense
### (Failure to State a Claim)

1　　　　The Complaint, and each and every purported claim for relief thereof, fails to state a claim
2　for relief against Avocent and Liebert.

3　　　　　　　　　　　　　　　　　**Second Defense**

4　　　　　　　　　　　　　　　　**(Non-Infringement)**

5　　　　Avocent and Liebert have not infringed and do not infringe any valid and enforceable claim
6　of U.S. Patent Nos. 7,550,870 ("the '870 Patent") and/or 7,672,104 ("the '104 Patent")
7　(collectively, "Asserted Patents"), directly or indirectly, literally or under the doctrine of
8　equivalents.  Neither Avocent nor Liebert use, manufacture, offer for sale, or sell products in the
9　United States that contain features reading on each and every element of the claims of the Asserted
10　Patents.

11　　　　　　　　　　　　　　　　　**Third Defense**

12　　　　　　　　　　　　　　　　　**(Invalidity)**

13　　　　The claims of the Asserted Patents are invalid for failure to satisfy one or more of the
14　requirements of 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103,
15　111, 112, 115, 116, and/or 122.  For example, the purported inventions claimed in the Asserted
16　Patents are not new and useful processes, machines, or manufactures, or new and useful
17　improvements thereof subject to patent protection.  Moreover, power distribution units with the
18　same features as claimed in the Asserted Patents existed before the purported invention by the
19　inventors of the Asserted Patents.  Power distribution units with the same features as claimed in the
20　Asserted Patents were known and used by others in the United Sates before the purported invention
21　by the inventors of the Asserted Patents, including but not limited to units from Server Technology,
22　Inc.  Power distribution units with the same features as claimed in the Asserted Patents were
23　patented in the United Sates before the purported invention by the inventors of the Asserted
24　Patents, including but not limited to patents issued to Carrel W. Ewing, et al.  Power distribution
25　units with the same features as claimed in the Asserted Patents were described in at least one
26　printed publication in the United Sates before the purported invention by the inventors of the
27　Asserted Patents.  Power distribution units with the same features as claimed in the Asserted
28　Patents would have been obvious based on references, including but not limited to patents issued to

Carrel W. Ewing, et al., at the time of purported invention by the inventors of the Asserted Patents. The application giving rise to at least the '104 Patent was abandoned during prosecution because the subject matter claimed in the application had been and would continue to be foreign filed.

### Fourth Defense

### (Equitable Estoppel, Laches, Waiver, Unclean Hands)

Cyber Switching's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, laches, waiver, and/or unclean hands. For example, the Asserted Patents issued in June 2009 and March 2010. Upon information and belief, Cyber Switching knew or should have known of Avocent's and Liebert's allegedly infringing products long before June 10, 2014 when suit was filed. Cyber Switching's unreasonable delay in filing suit resulted in material prejudice to Avocent and Liebert.

### Fifth Defense

### (35 U.S.C. § 287)

Any claim for damages for patent infringement by Cyber Switching is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Sixth Defense

### (Limitation on Damages)

Cyber Switching's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

### Seventh Defense

### (Prosecution History Estoppel)

Cyber Switching's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel. During the prosecution of some or all of the Asserted Patents, Cyber Switching took certain positions and made certain representations about its claimed inventions limiting the scope of the claimed inventions for the purpose of obtaining the Asserted Patents. Upon information and belief, Cyber Switching's interpretation and assertions of the Asserted Patents here are inconsistent with the positions and representations with respect to limiting the scope of the claimed inventions. Cyber Switching is precluded from asserting a claim construction or infringement theory that would resurrect subject matter surrendered during

prosecution.

### Eighth Defense

### (No Entitlement to Injunctive Relief)

Cyber Switching is not entitled to injunctive relief because Cyber Switching has not suffered, and will not suffer, irreparable harm due to Avocent's or Liebert's alleged conduct, Cyber Switching has an adequate remedy at law, and the balance of hardships and public interest do not favor injunctive relief.

### COUNTERCLAIMS

For their counterclaims against Cyber Switching Patents, LLC d/b/a Cyber Switching ("Cyber Switching"), Avocent Huntsville Corp. ("Avocent") and Liebert Corporation ("Liebert") allege and state as follows:

### THE PARTIES

1. Counterclaimant Avocent Huntsville Corp. is an Alabama corporation with its principal place of business in Huntsville, Alabama.

2. Counterclaimant Liebert Corporation is an Ohio corporation with its principal place of business in Columbus, Ohio.

3. Upon information and belief, as pled in Cyber Switching's Complaint, Counterclaim Defendant Cyber Switching is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in San Jose, California.

### JURISDICTION AND VENUE

4. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5. By their counterclaims, Avocent and Liebert seek to obtain a judgment declaring that Avocent and Liebert do not and have not infringed U.S. Patent Nos. 7,550,870 ("the '870 Patent") and/or 7,672,104 ("the '104 Patent") (collectively, "Asserted Patents"), and that the Asserted Patents are invalid and/or unenforceable.

6. An actual controversy exists between Cyber Switching on the one hand, and Avocent and Liebert on the other hand, as to the infringement, validity, and enforceability of the

Asserted Patents.

7. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338(a), and 2201.

8. Venue is proper in this District for purposes of this action pursuant to 28 U.S.C. § 1391(b) and 1391(c) because Cyber Switching has brought its action for infringement of the Asserted Patents in this District.

9. By filing its Complaint, Cyber Switching has consented to the personal jurisdiction of this Court.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent 7,550,870)**

10. Avocent and Liebert reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

11. In its Complaint, Cyber Switching contends it is the exclusive owner of all rights, title, and interest in the '870 Patent.

12. In its Complaint, Cyber Switching contends that Avocent and Liebert are infringing one or more claims of the '870 Patent by making, using, selling, and/or offering for sale, and/or importing into the United States certain products accused of infringement in the Complaint ("Accused Products"). Cyber Switching further alleges that Avocent and Liebert have induced others to infringe one or more claims of the '870 Patent. Cyber Switching also alleges that Avocent and Liebert have contributed to the infringement of one or more claims of the '870 Patent.

13. In its Complaint, Cyber Switching is seeking damages and other relief from Avocent and Liebert for the alleged infringement of the '870 Patent.

14. Neither Avocent nor Liebert use, manufacture, offer for sale, or sell products in the United States that contain features reading on each and every element of any of the claims of the '870 Patent.

15. Avocent and Liebert have not infringed and do not infringe, directly or indirectly, contributorily or by active inducement of others to infringe, any valid and enforceable claim of the '870 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale, and/or importing into the United States the Accused Products.

16. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17. Avocent and Liebert seek a judicial determination and declaration of the respective rights and duties of the parties based on their contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '870 Patent.

## COUNT II

**(Declaratory Judgment of Invalidity of U.S. Patent 7,550,870)**

18. Avocent and Liebert reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

19. The purported inventions claimed in the '870 Patent are not new and useful processes, machines, or manufactures, or new and useful improvements thereof subject to patent protection. Moreover, power distribution units with the same features as claimed in the '870 Patent existed before the purported invention by the inventors of the '870 Patent. Power distribution units with the same features as claimed in the '870 Patent were known and used by others in the United Sates before the purported invention by the inventors of the '870 Patent, including but not limited to units from Server Technology, Inc. Power distribution units with the same features as claimed in the '870 Patent were patented in the United Sates before the purported invention by the inventors of the '870 Patent, including but not limited to patents issued to Carrel W. Ewing, et al. Power distribution units with the same features as claimed in the '870 Patent were described in at least one printed publication in the United Sates before the purported invention by the inventors of the '870 Patent. Power distribution units with the same features as claimed in the '870 Patent would have been obvious based on references, including but not limited to patents issued to Carrel W. Ewing, et al., at the time of purported invention by the inventors of the '870 Patent.

20. The claims of the '870 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 101, 102, 103, 111, 112, 115 and/or

10

116.

21. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. Avocent and Liebert seek a judicial determination and declaration of the respective rights and duties of the parties based on their contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '870 Patent.

## COUNT III

**(Declaratory Judgment of Non-Infringement of U.S. Patent 7,672,104)**

23. Avocent and Liebert reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

24. In its Complaint, Cyber Switching contends it is the exclusive owner of all rights, title, and interest in the '104 Patent.

25. In its Complaint, Cyber Switching contends that Avocent and Liebert are infringing one or more claims of the '104 Patent by making, using, selling, and/or offering for sale, and/or importing into the United States the Accused Products. Cyber Switching further alleges that Avocent and Liebert have induced others to infringe one or more claims of the '104 Patent. Cyber Switching also alleges that Avocent and Liebert have knowingly contributed to the infringement of one or more claims of the '104 Patent.

26. In its Complaint, Cyber Switching is seeking damages and other relief from Avocent and Liebert for the alleged infringement of the '104 Patent.

27. Neither Avocent nor Liebert use, manufacture, offer for sale, or sell products in the United States that contain features reading on each and every element of any of the claims of the '104 Patent.

28. Avocent and Liebert have not infringed and do not infringe, directly or indirectly, contributorily or by active inducement of others to infringe, any valid and enforceable claim of the

11

'104 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale, and/or importing into the United States the Accused Products.

29.   As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30.   Avocent and Liebert seek a judicial determination and declaration of the respective rights and duties of the parties based on their contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '104 Patent.

## COUNT IV

### (Declaratory Judgment of Invalidity of U.S. Patent 7,672,104)

31.   Avocent and Liebert reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

32.   The purported inventions claimed in the '104 Patent are not new and useful processes, machines, or manufactures, or new and useful improvements thereof subject to patent protection.  Moreover, power distribution units with the same features as claimed in the '104 Patent existed before the purported invention by the inventors of the '104 Patent.  Power distribution units with the same features as claimed in the '104 Patent were known and used by others in the United Sates before the purported invention by the inventors of the '104 Patent, including but not limited to units from Server Technology, Inc.  Power distribution units with the same features as claimed in the '104 Patent were patented in the United Sates before the purported invention by the inventors of the '104 Patent, including but not limited to patents issued to Carrel W. Ewing, et al.  Power distribution units with the same features as claimed in the '104 Patent were described in at least one printed publication in the United Sates before the purported invention by the inventors of the '104 Patent.  Power distribution units with the same features as claimed in the '104 Patent would have been obvious based on references, including but not limited to patents issued to Carrel W. Ewing, et al., at the time of purported invention by the inventors of the '104 Patent.

33. The claims of the '104 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, and/or 122.

34. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Avocent and Liebert seek a judicial determination and declaration of the respective rights and duties of the parties based on their contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '104 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants Avocent and Liebert pray for relief as follows:

A. That Judgment be entered in favor of Avocent and Liebert and against Cyber Switching on each and every count of the Second Amended Complaint and on each and every count of Avocent's and Liebert's Counterclaims;

B. That Judgment be entered declaring that Avocent and Liebert have not infringed the '870 Patent or the '104 Patent;

C. That Judgment be entered declaring that Cyber Switching is not entitled to injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by Avocent or Liebert;

D. That Judgment be entered declaring the claims of the '870 Patent and/or the '104 Patent invalid;

E. That Judgment in Avocent's and Liebert's favor be entered declaring this case an exceptional case pursuant to 35 U.S.C. § 285 and that Avocent and Liebert be awarded reasonable attorneys' fees, expenses, and costs; and

F. That Avocent and Liebert be awarded such other and further relief as the Court deems

just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Avocent and Liebert demand a trial by jury.

Dated: December 31, 2014

/s/ Robert H. Sloss
Robert H. Sloss
Melinda M. Morton
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1020 Marsh Road, Suite 200
Menlo Park, CA  94025
Telephone: (650) 645-9000
Facsimile:   (650) 566-1061

DAVIDSON, BERQUIST, JACKSON + GOWDEY, LLP
Donald L. Jackson
James D. Berquist
Gregory A. Krauss
J. Scott Davidson
4300 Wilson Boulevard, Suite 700
Arlington, VA  22203
Telephone: (703) 894-6400
Facsimile:   (703) 894-6430

*Attorneys for Defendants*
*Avocent Huntsville Corp. and Liebert Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 31st day of December, 2014 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent to all parties.

Dated: December 31, 2014

                                         */s/ Robert H. Sloss*
                                         Robert H. Sloss
                                         PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                                         1020 Marsh Road, Suite 200
                                         Menlo Park, CA  94025
                                         Telephone: (650) 645-9000
                                         Facsimile:  (650) 566-1061